UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RYAN DALE MANGUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-264-PLR-CCS |
| | ) | |
| SEVIER COUNTY, TENN., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Protective Order filed by Defendant First Med, Inc. First Med moves the Court to enter a protective order "as to any confidential or sensitive materials including but not limited to liability insurance policy documents." [Doc. 62 at 1]. Specifically, First Med moves the Court to limit materials produced in discovery from being used outside of this litigation. First Med represents that it fears that an insurance policy that it must produce in this case will be used by Plaintiff if a related case is filed in state court. First Med moves the Court to afford it the requested relief pursuant to Rule 26 of the Federal Rules of Civil Procedure to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Plaintiff has responded in opposition to First Med's request. [Doc. 72]. Plaintiff argues that First Med has failed to demonstrate good cause for issuing a protective order pursuant to Rule 26. Plaintiff notes that the insurance policy must be disclosed pursuant to the initial disclosure obligations imposed under Rule 26. Plaintiff maintains that First Med has failed to

demonstrate how its insurance policy is confidential, because First Med has not demonstrated that it developed the policy or that the policy is confidential research or commercial information. Plaintiff maintains that because First Med has an agreement with Sevier County to keep certain levels of insurance as a public subcontractor, the information should be available to the public. Additionally, the Plaintiff contends that First Med's request is premature because there has not been a case filed in state court, and if a case were to be filed in state court, Plaintiff maintains that the state court should decide any issues regarding use of documents in such a case.

As an initial matter, the Court finds that the request for a protective order is premature. First Med conceded that the Plaintiff has not yet filed a related suit in state court, let alone moved to use the insurance policy in such litigation. The Court is obligated avoid offering "an advisory opinion upon hypothetical situations." Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir. 1995) (citing Golden v. Zwickler, 394 U.S. 103, 108 (1969)). The Court finds First Med's motion improperly calls upon the undersigned to issue an advisory ruling based upon hypothetical events.

Further, the Court finds that, even if all of the relevant facts were established, First Med's request for relief is more properly posed to the state court, because First Med is moving to limit the use of these materials in the state court, not this Court. Thus, the Court finds that First Med's request to limit use of documents is more appropriately posed to the judge assigned to the case that *may* be filed in state court.

Alternatively, the Court finds that First Med has failed to demonstrate good cause for issuing a protective order pursuant to Rule 26. Courts may issue protective orders "for good cause" to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court finds that First Med has not met this standard.

2

Case 3:14-cv-00264-PLR-CCS   Document 85   Filed 09/18/14   Page 2 of 3   PageID #: 978

In its motion, First Med makes an ambiguous and general statement that it seeks a protective order "as to any confidential or sensitive materials including but not limited to liability insurance policy documents." [Doc. 62 at 1]. First Med failed to develop its argument with regard to any documents other than the insurance policy, and at the hearing, First Med's counsel focused exclusively upon the need to protect the insurance policy. Thus, to the extent First Med sought a protective order for documents other than the insurance policy, the Court finds that First Med failed to identify any documents that should be afforded protection under Rule 26 and failed to demonstrate good cause for protecting any such documents.

With regard to the insurance policy, the Court finds that First Med has failed to demonstrate good cause for protecting the insurance policy pursuant to Rule 26. At the hearing, counsel for First Med conceded that he had no basis for arguing that use of the insurance policy would be annoying or oppressive or present an undue burden or expense so as to afford protection under Fed. R. Civ. P. 26(c). Instead, he argued that the policy could be used to embarrass First Med. Despite having the policy in his possession, counsel was not able to point the Court to any provision of the policy that would be an embarrassment necessitating relief under Fed. R. Civ. P. 26(c). Accordingly, the Court finds that First Med has failed to demonstrate good cause for issuing a protective order.

Based upon the foregoing, the Court finds that First Med's Motion for Protective Order **[Doc. 62]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge